# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY RAY DAILEY,**

   **Petitioner,**

  **v.**           **CIVIL ACTION NO. 2:12cv62**
                 **(Judge Bailey)**

**R. PERDUE, Warden,**

   **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On August 30, 2012, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. On September 10, 2012, the petitioner paid the $5.00 filing fee and submitted his petition on the court-approved form. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS

On August 6, 2004, the petitioner, who was on supervised release, was arrested and charged with bank robbery and with use and carrying of a firearm during and in relation to a crime of violence. On March 25, 2005, a superseding indictment was issued charging him with three counts of bank robbery and aiding and abetting a crime of violence. He entered a plea of not guilty and a jury trial was conducted. On August 9, 2005, the petitioner was convicted of all three counts, and on March 24, 2006, an amended judgment was entered (correcting a clerical error in the prior entry of judgment) sentencing him to 240 months in prison, followed by three years of supervised release, as well as restitution in the amount of $43,625.21. The petitioner's conviction was affirmed on appeal. On June 12, 2007, he filed his original motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The sentencing court denied

the original § 2255 motion on October 15, 2010. The petitioner thereafter returned to the sentencing court to submit numerous motions of various types all aimed at obtaining relief from the original judgment denying his § 2255 motion. Each was denied including a "Motion to Invoke and Effectuate Crime Victim's Rights Pursuant to 18 U.S.C. A. [§] 3771," in which he attempted to cast himself as the victim of a "crime."[1] In denying that motion, the Court issued an order "that the Clerk will accept no further filings from Petitioner in this case unless he has first obtained leave from the United States Court of Appeals for the Fifth Circuit to file a successive habeas petition in this Court." (Case 6:07-cv-281-MHS-JKG, Doc. 129).[2]

The petitioner is currently in the custody of the Bureau of Prisons and is housed at FCI Gilmer, which is located in Glenville, West Virginia. According to the BOP website, the petitioner's projected release date is September 29, 2028.

### III. Claims of the Petition

In support of his § 2241 petition before this Court, the petitioner states four grounds for relief:

1. His conviction was obtained by perjury and fabrication;

2. The case agent and US attorney coached and suborned witnesses to commit perjury;

3. His trial and appellate counsel were ineffective; and

4. The U.S. Dept. Of Justice, Federal Bureau of Investigation, Office of Professional Responsibility and the Civil Rights Division refused to investigate and sanction these government and corrupt federal officials for their unlawful conduct.

For relief, the petitioner asks that Court to order the Justice Department, FBI Inspection Division, Office of Professional Responsibility, and Civil Rights Division to perform their jurisdictional function

---

[1] The petitioner alleged that he was a victim of crime during his criminal investigation and trial based on his allegations of fabricated evidence, perjured testimony and prosecutorial misconduct, among other claims.

[2] The information provided in the foregoing recitation of facts was culled from ultiple docket sheets available on PACER.

or take action itself. The petitioner maintains that remedy by way of § 2255 is inadequate or ineffective because this is a request to compel agency action unlawfully withheld, while a § 2255 motion is to vacate, set aside and correct sentences for violation of federal rights.

## IV. Analysis

### A. Lack of Jurisdiction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241, include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 1577676 (D.S.C. May 31, 2007)(internal citations omitted). It clearly does not authorize a Court to order the investigation of alleged wrongdoings in another district Court.

Although the petitioner infers that he is not seeking the nullification of his conviction and or sentence, it is clear that he, in fact, is seeking that exact remedy. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction or sentence under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction or sentence **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the
> Supreme Court established the legality of the conviction;

>    (2) subsequent to the prisoner's direct appeal and first section 2255
>    motion, the substantive law changed such that the conduct of which
>    the prisoner was convicted is deemed not to be criminal, **and**
>
>    (3) the prisoner cannot satisfy the gate-keeping provisions of section
>    2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging his conviction. Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 18 U.S.C. § 2113(a) and 2 remain a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## V. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED**. The undersigned further recommends that the pending motions (Docs. 6 and 8) be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may filed with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket

sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: 10-4-2012

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE