IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**ANTHONY RAY DAILEY,**

       Petitioner,

v.
                                                               **CIVIL ACTION NO. 2:12-CV-62**
                                                               **(BAILEY)**

**R. PERDUE, Warden,**

       Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.     Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 9]. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on October 4, 2012 [Doc. 9]. In that filing, the magistrate judge recommends that this Court dismiss the petitioner's § 2241 petition with prejudice for lack of jurisdiction.

**II.    Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections [Doc. 11] on October 19, 2012. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. The remainder of the R&R will be reviewed for clear error.

### III. <u>Factual and Procedural History</u>

On August 30, 2012, the *pro se* plaintiff initiated this case by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On August 6, 2004, the petitioner, who was on supervised release, was arrested and charged with bank robbery and with use and carrying of a firearm during and in relation to a crime of violence. On March 25, 2005, a superseding indictment was issued charging him with three counts of bank robbery and aiding and abetting a crime of violence. He entered a plea of not guilty and a jury trial was conducted. On August 9, 2005, the petitioner was convicted of all three counts, and on March 24, 2006, an amended judgment was entered (correcting a clerical error in the prior entry of judgment) sentencing him to 240 months in prison, followed by three years of supervised release, as well as restitution in the amount of $43,625.21. The petitioner's conviction was affirmed on appeal. On June 12, 2007, he filed his original motion to

vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The sentencing court denied the original § 2255 motion on October 15, 2010. The petitioner thereafter returned to the sentencing court to submit numerous motions of various types all aimed at obtaining relief from the original judgment denying his § 2255 motion. Each was denied including a "Motion to Invoke and Effectuate Crime Victim's Rights Pursuant to 18 U.S.C. A. [§] 3771," in which he attempted to cast himself as the victim of a "crime." In denying that motion, the Court issued an order "that the Clerk will accept no further filings from the petitioner in this case unless he has first obtained leave from the United States Court of Appeals for the Fifth Circuit to file a successive habeas petition in this Court." (Case 6:07- cv-281-MHSJKG, Doc. 129). The petitioner is now in the custody of the Bureau of Prisons at FCI Gilmer in Glenville, West Virginia. His projected release date is September 29, 2028. The petitioner seeks to invoke the jurisdiction of this Court upon filing a § 2241 claim within this District.

## IV. ANALYSIS

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See **Haines v. Kerner**, 404 U.S. 519, 520 (1972). "Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted.' 2 Moore's Federal Practice § 12.34[1][b], at 12-60 (3d ed)." **Minone v. McGrath**, 435 F.Supp.2d 266 (S.D.N.Y. 2006).

Prisoners seeking to challenge the validity of their convictions or their sentences are

required to proceed under Section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to Section 2241, on the other hand, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. The Magistrate Judge correctly provided examples of appropriate uses of § 2241, which include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." (quoting **Anderson v. Pettiford**, 2007 WL 1577676 (D.S.C. May 31, 2007)) (internal citations omitted). It clearly does not authorize a Court to order the investigation of alleged wrongdoings in another district Court. Although the petitioner infers that he is not seeking the nullification of his conviction and or sentence, it is clear that he, in fact, is seeking that exact remedy.

While the terms of Section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under Section 2241, there is nonetheless a "savings clause" in Section 2255, which allows a prisoner to challenge the validity of his conviction or sentence under Section 2241 if he can demonstrate that Section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the Section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, Section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction or sentence only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

4

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See **In re Jones**, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging his conviction. Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of **Jones**, violations of 18 U.S.C. § 2113(a) and 2 remain a criminal offense, and therefore the petitioner cannot satisfy the second element of **Jones**. Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition.

Upon a *de novo* review of the petitioner's § 2241 petition, this Court agrees with the magistrate judge that the same is a § 2255 motion improperly filed pursuant to § 2241. First, this Court agrees that the claim contained in the § 2241 petition concerns the legality of the petitioner's conviction, an area reserved for a § 2255 motion. Consequently, the petitioner may only proceed pursuant to § 2241 if he can demonstrate that he is entitled to application of the savings clause in § 2255. Second, this Court agrees that the petitioner has failed to make the requisite showing, i.e., that § 2255 cannot provide an adequate and effective remedy.

The petitioner raises three objections to the R&R. Each will be addressed in turn. First, the petitioner "objects to the magistrate's conclusion that this Court lacks jurisdiction

to entertain petitioner's [§] 2241" petition [Doc. 11 at 2]. In support of this contention, the petitioner cites **Wade v. Mayo**, 334 U.S. 672 (1948), which he asserts stands for the proposition that because the petitioner is housed within this district, it has jurisdiction over a § 2241 petition. While this is true, the petition must first be subject to being properly construed as one under § 2241. The petitioner fails to satisfy this threshold standard as he cannot show that he is entitled to application of the savings clause in § 2255. Second, this Court agrees that the petitioner has failed to make the requisite showing, i.e., that § 2255 cannot provide an adequate and effective remedy. Accordingly, this Objection is **OVERRULED**.

In his second objection, the petitioner takes issue with the magistrate judge's recitation of the application of habeas corpus relief under § 2241. In the R&R, several uses of a § 2241 petition are provided: "challeng[e] computation of parole, computation of good time or jail time credit, prison disciplinary actions, or imprisonment allegedly beyond expiration date of one's sentence." [Doc. 9 at 3] (quoting **Anderson v. Pettiford**, 2007 WL 1577676 (D.S.C. May 31, 2007)). The petitioner argues that this language limits habeas relief to prison administration matters only. The above list, however, is not exhaustive. More important, however, is the fact that the petitioner fails to make any showing that this matter is not more properly construed as a § 2255 as discussed in the next objection. Thus, any argument challenging the limitations of § 2241 relief is not properly before this Court. Accordingly, this Objection is **OVERRULED**.

The petitioner's third, and final, objection takes issue with the magistrate judge's conclusion that the petitioner has not shown that relief under § 2255 would be inadequate.

6

The petitioner states that he has previously filed for relief under § 2255 in the Eastern District of Texas on these same issues, but alleges he was denied equal protection, and he suffered other constitutional deprivations because of the alleged fabrication of evidence and perjured trial testimony.  As previously stated, in this case, the petitioner is not challenging the execution of his sentence, but instead is challenging his conviction. Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application.  Again, in the instant case, even if the petitioner satisfied the first and the third elements of *Jones*, violations of 18 U.S.C. § 2113(a) and 2 remain a criminal offense, and therefore the petitioner cannot satisfy the second element of *Jones*.  Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition.  As such, this Court is without jurisdiction to entertain the petitioner's claims.  Accordingly, this Objection is **OVERRULED**.

### **V.**     **Conclusion**

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 9]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Additionally, the petitioner's Objections to the magistrate judge's R&R **[Doc. 11]** are **OVERRULED**.   The petition **[Doc. 1]** is hereby **DISMISSED WITH PREJUDICE**. Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court.  As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** October 25, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE